CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Samuel C. Reed, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:24-cv-00777 |
| ) | |
| Andrew J. Garosimowicz, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND DISMISSAL ORDER**

Plaintiff Samuel C. Reed, Jr., an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 naming Virginia State Police Trooper Andrew Garosimowicz as the defendant. Reed complains that Garosimowicz directed him to stop driving his car and that this attempted traffic stop caused Reed to crash. Reed in his complaint denied that he had filed a prior action involving the same facts. (Compl., Dkt. 1 at 2.) However, Reed did file a previous case arising out of the same facts in this court. Civil Action No. 7:24-cv-00673.

Reed submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. The court has reviewed this information and **GRANTS** Reed *in forma pauperis* status.

### I.    Standard of Review

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring the court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of *pro se* litigants are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, liberal construction does not permit the court to ignore a pleading's failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). A complaint that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255–56 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 678–79. A claim is "facially plausible" when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When the complaint of an incarcerated individual or individual proceeding *in forma pauperis* fails to state a plausible claim upon which relief could be granted, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).

## II. Analysis

For the same reasons set out in the court's dismissal order entered in Civil Action No. 7:24-cv-00673, (Dkt. 6), Reed's complaint fails to state a plausible § 1983 claim upon which relief could be granted. As he did in his prior action, Reed contends that he was "enjoying my

personal Liberty of power of Locomotion" when Garosimowicz attempted to initiate a traffic stop. (Compl. at 2.) He contends that this violated his "liberty of Power of Locomotion and right to Interstate Travel" and caused him to "have a real Bad Traffic accident." (*Id.* at 2, 3.)

Reed has no viable claim based upon the First Amendment right to interstate travel. "The constitutional right to travel is not a right to travel in any manner, without regulation, and does not provide travelers a right to ignore state traffic laws." *Byndon v. Pugh*, 350 F. Supp. 3d 495, 510 (N.D. W. Va. 2018). Here, Reed states that Garosimowicz attempted to stop him. (Compl. at 1). Even when an officer arguably lacks any reason whatsoever to stop an individual, a driver is not permitted to evade or ignore the officer's directive to pull over. Such conduct is criminal conduct that violates Section 46.2-817 of the Code of Virginia, which forbids disregarding a signal by a law enforcement officer to stop. The First Amendment does not provide a shield that protects Reed against his violations of the law.

### III.    Conclusion

For the reason set forth above, Reed's complaint fails to state any viable claim upon which relief can be granted pursuant to § 1983, and the court declines to exercise supplemental jurisdiction over any pendent state law claim(s) pursuant to 28 U.S.C. § 1367(c). Accordingly, the court orders that this action is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a). If Reed believes he can identify sufficient facts that would support a plausible claim of entitlement to relief, he may submit another complaint stating those facts, subject to any applicable statute of limitations.

**ENTERED** this 3rd day of January 2025.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE